# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS MARQUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOLL GLOBAL FORWARDING (USA) INC.; TGF MANAGEMENT GROUP HOLDCO INC.; INSPERITY EXPENSE MANAGEMENT, INC.; EDDIE RODRIGUEZ[1]; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case № 2:19-cv-02667-ODW (ASx)<br><br>**ORDER GRANTING MOTION TO DISMISS [28]** |

## I. INTRODUCTION

On September 26, 2018, Plaintiff Carlos Marquez initiated this representative action under the Private Attorneys General Act ("PAGA"), California Labor Code section 2698 *et seq.*, against Defendants Toll Global Forwarding (USA) Inc., TGF Management Group Holdco Inc., and Insperity Expense Management, Inc. (collectively, "Defendants"). (Notice of Removal ("NOR") Ex. B ("Compl."), ECF

---

[1] Plaintiff acknowledged he inadvertently included Eddie Rodriguez as a defendant in the complaint caption. The record does not reflect that Rodriguez was ever served and the evidence demonstrates Plaintiff declined to proceed against him. (*See* Decl. of Eric Hill ISO Removal ¶ 12, Ex. A, ECF Nos. 9, 9-1.) As such, Rodriguez is dismissed from this action. *See* Fed. R. Civ. P. 4(m), 41(a)(1).

No. 1-2.) Defendants move to dismiss. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 28.) The matter is fully briefed. (*See* Opp'n, ECF No. 33; Reply, ECF No. 34.) For the reasons discussed below, the Court **GRANTS** the Motion.[2]

## II. BACKGROUND

At the heart of this matter is an employment dispute between Marquez and Defendants, his former employers. Defendants provide freighting and logistics services and operates facilities in California. (First Am. Compl. ("FAC") ¶¶ 7–9, ECF No. 27.) Defendants employed Marquez as a non-exempt, hourly-paid truck driver. (*Id.* ¶¶ 6, 18.) Marquez alleges Defendants required him and others to "work off the clock," failed to pay wages due for all hours worked, failed to reimburse him and others for necessary business expenditures, and failed to provide accurate and itemized wage statements. (*Id.* ¶¶ 7–9, 20–22.)

Marquez sued Defendants in two separate actions, the first framed as a putative class action and the second as PAGA only. Marquez filed the putative class action (the "Class Complaint") first, on February 13, 2018, in Los Angeles County Superior Court. (Req. Judicial Notice ("RJN") Ex. 2 ("Class Compl."), ECF No. 28-3.)[3] Defendants removed the Class Complaint to this Court and moved to dismiss. (*Id.* Ex. 3 ("Class NOR").) On June 28, 2018, the Court granted Defendants' motion and dismissed Plaintiff's claims with prejudice. (*Id.* Ex. 5 ("Order Granting Mot.

---

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] The Court grants Defendants' RJN of several court filings from the class action suit, No. 2:18-cv-03054-ODW (ASx), as well as the relevant collective bargaining agreement ("CBA"). (*See* RJN.) Marquez does not oppose the RJN and indeed relies on the documents. (*See* Decl. of George B. Singer ¶¶ 4–5, Exs. A–B, ECF No. 33-1.) The Court may take judicial notice of the court filings and other undisputed matters of public record. *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Further, the Court may properly consider the CBA because it forms the basis for Defendants' preemption argument, *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192–93 (C.D. Cal. 2015), and because its existence and contents are not subject to dispute. However, the Court does not take judicial notice of reasonably disputed facts in these documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Dismiss").) On August 3, 2018, Marquez appealed to the Ninth Circuit Court of Appeals. (*Id.* Ex. 7 ("Notice Appeal").)

Just over a month later, on September 26, 2018, Marquez filed this PAGA action in Los Angeles County Superior Court. (*See* Compl.) Defendants again removed to this Court. (*See* NOR.) On May 1, 2019, the Court stayed proceedings related to this PAGA action pending the Ninth Circuit's disposition of the Class Complaint appeal. (Order Stay, ECF No. 22.)

On May 6, 2020, the Ninth Circuit issued its decision, affirming judgment in favor of Defendants and dismissal of Marquez's Class Complaint in its entirety. (RJN Ex. 8 ("Mem.").) The parties stipulated to lift the stay in this PAGA action and permit Marquez to amend his complaint, as he conceded the Ninth Circuit's decision barred several of his claims. (Stip. Lift Stay & Grant Pl. Leave Am. 2, ECF No. 23 ("Plaintiff disagrees with Defendants regarding the application of res judicata/claim preclusion to his PAGA action, but agrees that, by virtue of the Ninth Circuit's ruling, his PAGA overtime, and meal and rest break, claims are now barred.").)

In his FAC, Marquez asserts four causes of action for PAGA violations: failure to pay minimum wages, (FAC ¶¶ 23–31); failure to reimburse necessary expenditures, (*id.* ¶¶ 32–41); failure to pay wages due upon termination, (*id.* ¶¶ 42–49); and failure to provide accurate itemized wage statements, (*id.* ¶¶ 50–56). Defendants now move to dismiss Marquez's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See* Mot. 4–5.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings, judicially noticeable facts, and documents incorporated by reference in the complaint; it must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679, 688. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Defendants argue res judicata, also known as claim preclusion, bars Marquez's PAGA wage-and-hour claims. (Mot. 5–13.) Res judicata bars lawsuits based on "'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies to bar a suit where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* As set forth below, the Court finds that res judicata applies and bars Marquez's claims.

### A. Identity of Claims

First, to establish identity of claims, the Court considers, but "do[es] not apply mechanistically," whether: (1) "the two suits arise out of the same transactional

4

nucleus of facts"; (2) "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (3) "the two suits involve infringement of the same right"; and (4) "substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The Ninth Circuit has "often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Id.* at 988. A "transaction test" is used "to determine whether the two suits share a common nucleus of operative fact," which asks "whether [the claims] are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 987.

Marquez's PAGA claims arise from the same transactional nucleus of facts as those asserted in the earlier-dismissed Class Complaint; indeed, the factual allegations are nearly indistinguishable. Marquez previously alleged in the Class Complaint that Defendants "required Plaintiff . . . to perform work past the[] scheduled eight (8) hours of work," for which "Plaintiff . . . [was] not compensated" as "a routine and habitual practice," such that "Plaintiff . . . work[ed] many hours 'off the clock.'" (Class Compl. ¶ 22.) Marquez also alleged that "Defendants . . . failed and refused to reimburse Plaintiff . . . for necessary business expenditures." (*Id.* ¶ 29.) These same facts are asserted in the PAGA action, as Marquez alleges Defendants "required the Plaintiff . . . to work off the clock without lawful compensation," and "failed to reimburse Plaintiff . . . for necessary business expenses." (FAC ¶¶ 20–21.) Any other facts relevant to Marquez's actions necessarily stem from his employment and relate to his same rights as an employee, thus sharing the same nexus of facts. *See Mpoyo*, 430 F.3d at 987 ("[B]oth sets of [plaintiff's] claims arise from [the employer's] conduct while [plaintiff] was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts.").

The remaining factors also demonstrate an identity of claims. A trial on Marquez's Class Complaint would require substantially the same evidence as a trial on his PAGA action claims, such that it would be convenient and efficient to consolidate

them. *See Cook v. C.R. England, Inc.*, No. CV 12-3515-GW (CWx), 2012 WL 2373258, at *7 (C.D. Cal. June 21, 2012) (noting a trial on either action would "almost assuredly involve an examination of the same practices, the same payroll records, and the same wage statements"). And Defendants' freedom from liability, established in the prior judgment and affirmance on appeal, would be impaired if they were required to defend against PAGA claims premised on the same rights and facts.

Marquez points to the PAGA expense reimbursement claim and argues that, because it was not raised in the Class Complaint, identity of claims is lacking. (Opp'n 3.) But res judicata "bars litigation in a subsequent action of any claims that were raised or *could have been raised* in the prior action." *Owens*, 244 F.3d at 713 (emphasis added). The reimbursement claim arises from the same transactional nexus as the claims raised in the Class Complaint, and it could have been raised with them; therefore, if the other res judicata requirements are met, the reimbursement claim will be barred. *See Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 569 (2010) (finding PAGA expense reimbursement claim barred by prior wage and hour class action, even though not specifically pleaded in prior action, because it related to the subject matter and issues in the prior action and could have been raised there); *Cook*, 2012 WL 2373258, at *7 (finding minimum wage claim in second action barred because the "nucleus of facts shared by the[] two cases . . . [wa]s irrefutable").

Marquez's "claims relate to the same set of facts" and thus could have been raised in the Class Complaint, and any trial here would rely on substantially the same evidence related to the same employment rights and liabilities. *See Mpoyo*, 430 F.3d at 987. Therefore, two suits clearly share an identity of claims. *Id.*[4]

---

[4] Marquez also argues his PAGA claims could not have been raised in the Class Complaint because they were not ripe, as the sixty-five day waiting period following written notice to the Labor and Workforce Development Agency ("LWDA") had not yet run when he filed the Class Complaint. (Opp'n 9); *see* Cal. Lab. Code § 2699.3(a)(2)(A). As Marquez manufactured this timing barrier in selecting his filing dates, he cannot now rely on his own strategic choices to avoid preclusion.

**B.     Final Judgment on the Merits**

Next, the prior suits must have reached a final judgment on the merits. *Stewart*, 297 F.3d at 956.  "[F]inal judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted).  It is indisputable that there was a final judgment on the merits of the Class Complaint—this Court dismissed with prejudice each of the Class Complaint's causes of action and the Ninth Circuit affirmed that judgment.  (*See generally* J.; Mem.)

Despite this, Marquez contends his PAGA claims do not fall under the final judgment umbrella.  First, Marquez argues that "[t]he dismissal did not address the reimbursement claim because that claim was not in the Class Action complaint." (Opp'n 3.)  This argument confuses the relevant burden of the first and second element of res judicata.  It is true that "the 'final judgment' prong of the res judicata test is claim-specific." *Hells Canyon*, 403 F.3d at 686.  However, while claim-specific, the "doctrine focuses on an identity of claims, specifying that 'a valid final adjudication of a claim precludes a second action on that claim *or any part of it*.'" *Id.* (emphasis added) (quoting *Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998)).  As stated above, there is an identity of claims here, meaning the PAGA claims fall within the "or any part of it" segment of the rule.  *See Stewart*, 297 F.3d at 956 (stating res judicata bars "any claims that were raised *or could have been raised* in a prior action" where there is a final judgment on the merits (internal quotation marks omitted)).

Second, Marquez argues the dismissal of the claim for failure to pay minimum wages was not "on the merits" and was instead due to deficient pleading.  (Opp'n 4 (quoting Mem. 4 ("The complaint fails to plead sufficiently a claim for unpaid minimum wages.")).)  However, "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957.  If courts held otherwise, plaintiffs

7

could file a new action based upon the same transaction of events every time a claim was dismissed on procedural grounds and there would be no end to litigation.

The Ninth Circuit affirmed this Court's Order finding that Marquez failed to state a claim under Rule 12(b)(6); this is a final judgment on the merits.

**C.    Identity or Privity Between Parties**

Finally, the parties in the current action must be identical to or in privity with the parties from the prior actions. *Stewart*, 297 F.3d at 956. Both actions feature Marquez as Plaintiff and Toll Global Forwarding (USA) Inc., TGF Management Group Holdco, Inc., and Insperity Expense Management, Inc. as Defendants. (*See* Compl.; FAC.)

Notwithstanding this clear identify of parties, Marquez contends the parties differ. First, he argues the State is the true interested party in a PAGA action. (Opp'n 7.) While PAGA indeed "empowers or deputizes an aggrieved employee to sue for civil penalties . . . as an alternative to enforcement by the State," such a suit is only possible "where the State has made an affirmative decision not to pursue the matter." *Villacres*, 189 Cal. App. 4th at 592 (first quoting *Dunlap v. Superior Court*, 142 Cal. App. 4th 330, 337 (2006); and then quoting *Waisbein v. UBS Fin. Servs. Inc.*, No. C-07-2328 MMC, 2007 WL 4287334, at *2 (N.D. Cal. Dec. 5, 2007)). Thus, it is clear that the State is not, as a legal matter, the true plaintiff in a representative PAGA suit. *Id.*; *see also Park v. Finish Line, Inc.*, No. 07-CV-1093, 2007 WL 9776746, at *3 (S.D. Cal. Aug. 30, 2007) ("The State is not named in the suit, and the statute contains no language suggesting the suit is brought on the State's behalf.").

Second, Marquez argues the group of aggrieved employees are distinct from those in the Class Complaint because the relevant time periods differ. (Opp'n 7.) Neither party cites caselaw relevant to whether the aggrieved employees in a PAGA suit are distinct from any potential class members in a class action premised on the same nexus of facts, but this Court finds no reason to prevent res judicata from applying on that basis. The putative class consisted of those employees affected

within four years prior to filing the Class Complaint (filed February 13, 2018), whereas the PAGA action encompasses those employees within one year prior to filing the PAGA notice with the LWDA (filed January 30, 2018). (*See id.* at 7, 9.) As the named Plaintiff in both actions, Marquez's claims are rightfully barred by res judicata, even if there could be a hypothetical plaintiff in the nether who does not fall within both actions. To allow Marquez to proceed (i) both individually and as putative representative in the class action until final judgment, and then, separately, (ii) both individually and on behalf of aggrieved employees in the PAGA action, is precisely the type of "second bite at the apple" that res judicata aims to bar. *See Park*, 2007 WL 9776746, at *3. Thus, the required identity of parties is satisfied.

**D.     Summary**

As all elements of res judicata are present, Marquez's claims are barred. Although Defendants also raise arguments based on impermissible claim splitting and preemption, the determination that res judicata applies is dispositive, making it unnecessary to consider other grounds for dismissal. This PAGA suit is merely a second attempt to litigate issues previously determined and Marquez is rightfully barred from attempting to do so. As such, any effort to cure the identified deficiencies would be futile and dismissal with prejudice is appropriate. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### V.     CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** (ECF No. 28), and Marquez's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

July 6, 2021

_____
       **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**